**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES RAY HUNTER, | No. 08-16240 |
| Plaintiff - Appellant, | D.C. No. 2:05-CV-01091-SRB-DKD |
| v. | |
| ERNEST TRUJILLO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 15, 2009[**]

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

James Ray Hunter, an Arizona state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional violations

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

PDM/Research

in connection with his disciplinary proceedings and confinement in detention and higher custody units. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and its dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment because Hunter failed to raise a triable issue of material fact as to whether his confinement in a detention unit and a higher custody facility imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," where he provided only a vague comparison of contact-visitation and telephone call privileges. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). We decline to consider arguments that Hunter presented for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

The district court properly concluded that Hunter failed to exhaust administrative remedies on his remaining claims because he did not complete the administrative appeals process in accordance with the administrative procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (explaining that "proper exhaustion" under § 1997e(a) requires inmates to follow administrative procedural rules).

The district court did not abuse its discretion by denying Hunter's motion for reconsideration because Hunter did not identify any new evidence, change in law, clear error, or manifest injustice. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (explaining that a motion for reconsideration "may <u>not</u> be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (emphasis in original).

Hunter's remaining contentions are unpersuasive.

Hunter's outstanding motions and requests are denied.

**AFFIRMED.**